UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

US BANK TRUST, N.A., as Trustee )
For LSF9 Master Participation Trust, )
                               )
     Plaintiff, )
                               )
     v. )        2:19-cv-00147-LEW
                               )
PAUL A. PINETTE, et al., )
                               )
     Defendants )

## ORDER ON PLAINTIFF'S MOTION
## FOR SERVICE BY ALTERNATE MEANS

This is a foreclosure action in which Plaintiff alleges that the promissory note secured by a mortgage on certain real property located in Lewiston, Maine is in default. The matter is before the Court on Plaintiff's motion to serve Defendant Paul A. Pinette by alternate means. (Motion, ECF No. 18.) Plaintiff asks the Court to order that service can be "made by leaving a copy of the Summons and Complaint at the Defendant's subject property; and/or by publication, if the Court deems publication to be more effective." (*Id*.)

Following a review of the record, the Court grants the motion.

### FACTS

Plaintiff has not served Defendant Pinette with the complaint and summons. Plaintiff asserts it has made the following attempts to serve Defendant:

1.     On April 10, 2019, Plaintiff's counsel sent to the Androscoggin County Sheriff's Office a request for service on Defendant Pinette at the property address of 164 South Avenue, Lewiston, Maine 04240.

2. On May 30, 2019, Plaintiff's counsel received a Diligent Search Letter dated May 20, 2019, from Deputy Sheriff Jason R. Chaloux of the Androscoggin County Sheriff's Department.

3. Deputy Sheriff Chaloux reported that 164 South Avenue, Lewiston, Maine, was posted vacant on June 3, 2016, by a Property Management Company; Deputy Sheriff Chaloux also spoke with a neighbor who stated that he had not seen Defendant Pinette at the South Avenue location in four to five years.

4. Deputy Sheriff Chaloux searched the Bureau of Motor Vehicles records and discovered that Defendant Pinette had a suspended license and there were no updates on his status since January 14, 2015; at that time, his address on file was P.O. Box 7, East Machias, Maine.

5. Deputy Sheriff Chaloux checked for any police contact in the East Machias area, but found that the last report was from May 11, 2010.

6. Deputy Sheriff Chaloux searched the State of Maine police database and found that Defendant Pinette had police contact on April 14, 2019 in Augusta; however, Augusta Police were unable to contact said Defendant and did not have a new address for him.

7. On May 30, 2019, Plaintiff's counsel mailed a Postmaster Request for P.O. Box 7, East Machias, Maine to determine if Defendant Pinette provided a forwarding or mailing address.

8. On June 7, 2019, Plaintiff's counsel received the Postmaster Response, indicating that the P.O. Box had been closed for non-payment; however, Defendant Pinette left a physical address on file of 97 East Side Road, Machiasport, Maine 04655.

9. On June 7, 2019, Plaintiff's counsel sent to the Washington County Sheriff's Office a request for service on Defendant Pinette, at the property address of 97 East Side Road, Machiasport, Maine 04655.

10. On June 26, 2019, Plaintiff's counsel received the summons returned, but not served as Deputy Sheriff John R. Birmingham wrote that "Defendant lives in Lewiston, ME. I do not have his new address."

11. On July 3, 2019, Plaintiff's counsel completed a new Risk search, which showed Defendant Pinette's address as 164 South Avenue, Lewiston, Maine 04240.

12. On July 11, 2019, Plaintiff's counsel requested the services of a private investigator to assist in locating the Defendant Pinette.

13. On August 14, 2019, Mary Ann Boyle, a private investigator, reported that the Defendant Pinette is "leaving a very cold trail" and she was only able to track him back to P.O. Box 7, East Machias, Maine, but she would continue to conduct further research.

14. On September 20, 2019, Ms. Boyle concluded that she had exhausted all means of locating the Defendant Pinette.

(Affidavit of Diana Lyon, ¶¶ 3 – 16, ECF No. 18-1.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic

or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

Here, Plaintiff has demonstrated its diligence in its efforts to serve Defendant Pinette by customary methods, has demonstrated that its efforts have been unsuccessful and has demonstrated that further similar efforts are unlikely to be successful. The issue is whether the alternate service proposed by Plaintiff (i.e., "by leaving a copy of the Summons and Complaint at the Defendants' subject property; and/or by publication, if the Court deems publication to be more effective") is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more

4

widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). When service by

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

publication is authorized, it is generally authorized in combination with other means of making service. *Mullane,* 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

In this case, service by publication, by leaving a copy of the summons and complaint at the last known address of Defendant Pinette, and by mailing a copy of the complaint and summons to Defendant Pinette's last known address constitute reasonable measures to provide Defendant Pinette with notice of this action. The Court, therefore, will permit Plaintiff to serve Defendant Pinette (1) by leaving a copy of the summons and complaint at his last known address, (2) by mailing a copy of the summons and complaint to Defendant Pinette's last known address, and (3) by publication in accordance with Maine Rule of Civil Procedure 4(g).

## Conclusion

Based on the foregoing analysis, the Court grants Plaintiff's motion for service by alternate means. Plaintiff shall serve Defendant Paul A. Pinette (1) by leaving a copy of the summons and complaint at the last known address of Defendant Pinette; (2) by mailing a copy of the complaint and summons to the last known address of Defendant Pinette; and (2) by publication in accordance with Maine Rule of Civil Procedure 4(g). Plaintiff shall submit for the Court's consideration a proposed order of service that complies with the requirements of Maine Rule of Civil Procedure 4(g), which order shall provide for publication in a newspaper of sufficient circulation within the county or municipality in which Defendant Pinette was last known to reside.

## **NOTICE**

     Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

                                      /s/ John C. Nivison
                                      U.S. Magistrate Judge

Dated this 16th day of October, 2019.